IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY S. WILLIAMS, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PATROLMAN BRUETTE, STATE OF )<br>DELAWARE and MICHELLE A. )<br>WEIGAND, )<br>)<br>    Defendants. ) | Civil Action No. 24-276-JLH |

## REPORT AND RECOMMENDATION

Plaintiff Anthony S. Williams, an inmate at Sussex Correctional Institution, filed this civil action against "[Patrolman] Bruette" ("Bruette"), the State of Delaware and Michelle A. Weigand ("Weigand"). (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to screen the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that any claim against the State of Delaware be dismissed with prejudice and that the claims against Bruette and Weigand be permitted to proceed.

**I.      BACKGROUND**

In his Complaint, Plaintiff alleges that in August 2023, while he was breaking up with Weigand outside of a police station, she attacked him while in possession of a weapon and later made "false allegations" about the incident that led to Plaintiff's arrest. (D.I. 3 at 5)[1] Plaintiff asserts that Bruette, who apparently works for the Georgetown Police Department in Georgetown, Delaware, reviewed video footage of the incident; this footage purportedly showed

---

[1] The Complaint is unpaginated, and so the Court cites herein to ECF-generated page numbers in the Complaint.

that Weigand's allegations against Plaintiff were "untrue" and that Weigand "was the aggressor[.]" (*Id*. at 2, 5)  However, Bruette "still processed [Plaintiff's] arrest[.]" (*Id*. at 5)  Plaintiff alleges that the "prosecution in the case refused to show the camera footage" but also that they at some point "review[ed]" that footage, and thereafter these "bogus" charges against Plaintiff were "dismissed." (*Id*. at 6)  Plaintiff claims that because of this arrest, he lost certain property; he seeks damages for that loss. (*Id*. at 5-7)

## II.    STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees).  The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it

relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario." *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show[]" entitlement to relief. *Iqbal*, 556 U.S. at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim

is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.  DISCUSSION

Although Plaintiff does not give name to his claims in his Complaint, (D.I. 3), the Court construes his allegations against Bruette as a claim for false arrest in violation of the Fourth Amendment to the United States Constitution, made pursuant to 42 U.S.C. § 1983 ("Section 1983"). To state such a claim for false arrest, a plaintiff must allege two elements: (1) that there was an arrest; and (2) that the arrest was made without probable cause. *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir. 1988). Plaintiff plausibly makes such allegations here. He asserts in the Complaint that although Bruette had reviewed video evidence indicating that Plaintiff had committed no crime (and instead had been the victim of an attack by Weigand), Bruette arrested him on a "bogus" charge. And Plaintiff asserts that this charge was later dropped. Liberally construing Plaintiff's allegations, as it must at this stage, the Court concludes that Plaintiff has raised a cognizable false arrest claim against Bruette. *See, e.g.*, *Montague v. Sherwood*, Civ. No. 13-1969-GMS, 2015 WL 9484465, at *2 (D. Del. Dec. 29, 2015).

The Court next takes up Plaintiff's claim against the State of Delaware. That claim is barred by the State's Eleventh Amendment immunity. *See MCI Telecommc'n Corp. v. Bell Atl.-Pa.,* 271 F.3d 491, 503 (3d Cir. 2001); *Krahn v. Delaware*, Civil Action No. 10-140-JJF-MPT, 2010 WL 2573906, at *2 (D. Del. June 25, 2010). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984); *Krahn*, 2010 WL 2573906, at *2. The State of Delaware has not waived its immunity from suit in federal court, and although Congress can

abrogate a state's sovereign immunity, it did not do so through the enactment of Section 1983. *Brooks–McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Consequently, the claim against the State has no arguable basis in law or in fact, is frivolous, and the Court recommends that it be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). *Krahn*, 2010 WL 2573906, at *2.

Lastly, the Court addresses Plaintiff's claim against Weigand. Although Plaintiff again does not give name to this claim in his pleading, the Court will construe it to be at least a claim of battery brought pursuant to Delaware law. Battery is the "'intentional, unpermitted contact upon the person of another which is harmful or offensive.'" *Earl v. Harris*, Civil Action No. 22-1026-RGA, 2022 WL 17475482, at *7 (D. Del. Dec. 6, 2022) (quoting *Hunt ex rel. DeSombre v. State of Delaware*, 69 A.3d 360, 368 (Del. Super. Ct. 2013)). As noted above, Plaintiff alleges that Weigand physically attacked him while she was in possession of a weapon. Thus, Plaintiff appears to have alleged a plausible claim of (at least) battery against Weigand.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that: (1) any claim against the State of Delaware be dismissed with prejudice; and (2) the claims against Bruette and Weigand, as set out above, be permitted to proceed.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: March 26, 2025

                                                                        *Christopher J. Burke*
                                                                        Christopher J. Burke
                                                                        UNITED STATES MAGISTRATE JUDGE